UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case No. 10-64783-fra11 |
| REDCO DEVELOPMENT CO., LLC, | |
| Debtor. | MEMORANDUM OPINION |

A confirmation hearing was held on October 4, 2011. Two objections to confirmation were filed by secured creditors Sterling Savings Bank and Virann Investments, LLC. It was reported at the hearing that Sterling had reached a settlement with the Debtor disposing of its objection. The primary objection made by Virann was to an injunction provided for by the Plan which it argued violates current Ninth Circuit caselaw. The Court took the matter of confirmation under advisement and invited parties to file memoranda regarding the injunction issue. Having read those memoranda and all relevant caselaw, the Court finds that the Second Amended Plan of Reorganization (Plan) cannot be confirmed. My reasons follow.

## DISCUSSION

A. <u>Injunction Prohibited by Rohnert Park</u>

Debtor's Second Amended Plan of Reorganization provides for an injunction enjoining creditors from attempting to collect their claims against the Debtor in Possession's principal and guarantor, Russ Dale, or against any of his property. The injunction would be dissolved upon the request of a creditor when all payments under the Plan to that creditor have been completed, or there is a default under the Plan with respect to the Plan's treatment of that creditor and the default has not been cured after ten days notice. Secured

creditors will be paid over periods from ten to thirty years under the Plan and unsecured creditors with claims over $1,500 will be paid in full five years after the effective date of the Plan.

       The Court of Appeals for the Ninth Circuit has held that a bankruptcy court lacks the jurisdiction and the power under 11 U.S.C. § 105[1] to enjoin permanently, i.e., beyond confirmation of a plan of reorganization, a creditor from enforcing a state law claim against nondebtor guarantors of the debtor. In re American Hardwoods, 885 F.2d 621 (9th Cir. 1989). Whether a bankruptcy court has jurisdiction and power to issue a *temporary* injunction in that situation, however, was left unanswered. That answer was delivered by the Bankruptcy Appellate Panel in In re Rohnert Park Auto Parts, Inc., 113 B.R. 610 (9th Cir. BAP 1990), which held that the restrictions set out in American Hardwoods applied to temporary post-confirmation injunctions as well.

       The confirmed plan in Rohnert Park enjoined actions against co-debtors of the debtor for five years after confirmation. For purposes of its analysis, the BAP assumed, *arguendo*, that section 105[2] provides the court jurisdiction to enjoin actions against non-debtors. It ruled, however, that the temporary injunction violated Code § 524[3], and that Code § 105 does not provide the bankruptcy court with the power to issue an injunction which is inconsistent with the more specific provision of the Bankruptcy Code. Rohnert Park at 615-16.

       This Court is bound by Rohnert Park's holding that a bankruptcy court lacks the power to temporarily enjoin post-confirmation collection actions against non-debtor guarantors of a debtor. Accordingly, Debtor's Plan, which provides for such an injunction, cannot be confirmed. See also In re

// // //

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

[2] 11 U.S.C. § 105(a) provides in part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

[3] "(e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

Page 2 - Memorandum Opinion

Linda Vista Cinemas, 442 B.R. 724 (Bankr. D. Arizona 2010)(while having issues with the holding of Rohnert Park, bankruptcy court bound by the precedent).

B. The Northgate Note

Debtor's Plan is dependent on the receipt of monies due from a promissory note (the Northgate Note) upon the note's maturity in June 2012. Virann is the obligee of a separate note which is secured by the Northgate Note. Prior to the bankruptcy filing date, Virann had scheduled a UCC foreclosure sale of the Northgate Note for the amount owed on its promissory note. The Debtor and other creditors have expressed the fear that without the injunction, Virann could disrupt the reorganization by obtaining a judgment against Mr. Dale and executing it against the collateral. However, as the Northgate Note is an integral part of the Debtor's reorganization and is property of the estate[4], this Court has both subject matter jurisdiction and the power under Code § 105 to approve an injunction against any collection actions made against the Northgate Note itself. Enjoining such actions would preserve the amounts due from the note to be used pursuant to Debtor's Plan.

C. Change in Ownership of the Reorganized Debtor

Another argument made for the necessity of enjoining actions against Mr. Dale is that Virann could acquire control of the Debtor by executing on a judgment against Mr. Dale, and that it may thereafter lack the incentive to collect the Northgate note, thus frustrating the reorganization. While it need not be pointed out that whoever is in control of the Debtor would be bound to the terms of a confirmed plan of reorganization, the Plan could provide for continuing jurisdiction of the bankruptcy court in the event that a change in ownership adversely affected the reorganization. Such a provision could provide that if a change in ownership were to occur which does not provide sufficient net cash to pay all creditors pursuant to the Plan of Reorganization, the bankruptcy court may, upon motion by an interested party, elect to appoint a chapter 11 trustee or convert the case to one under chapter 7.

---

[4] 11 U.S.C. § 1141(b): "Except as otherwise provided in the plan or order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

Page 3 - Memorandum Opinion

## CONCLUSION

The Plan of Reorganization cannot be confirmed because the injunction provided for by the Plan against a non-debtor guarantor of the Debtor violates Code § 524(e) and relevant case law in the Ninth Circuit. It appears to the Court that other than the matter of the injunction discussed above the Debtor has satisfied the legal requirements for confirmation under § 1129. Debtor will have 30 days to file an amended plan consistent with this opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge